**WO**

NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carl J. Minkner and Diane M. Minkner, husband and wife,<br><br>    Plaintiffs,<br><br>vs.<br><br>Washington Mutual Bank, N.A., a national banking association; JPMorgan Chase Bank, N.A., a national banking association; California Reconveyance Company, a California corporation; Mortgages Electronic Registration Systems, Inc. ("MERS"), a Delaware corporation,<br><br>    Defendants. | No. 09-CV-1900-PHX-GMS<br><br>**ORDER** |

Pending before the Court are Plaintiffs' Motion to Remand (Dkt. # 13) and Defendants' Motion to Dismiss (Dkt. # 6). For the following reasons, the Court grants the Motion to Remand and denies the Motion to Dismiss as moot.

**BACKGROUND**

This case arises out of Carl and Diane Minkner's purchase of a home, for which the Minkners obtained a $2.8 Million loan from Defendant Washington Mutual Bank, N.A. ("WaMu"). In exchange for the loan, the Minkners executed a promissory note in the same amount, along with a deed of trust that named WaMu as the beneficiary. The Minkners did

not make their monthly payments, and Defendant California Reconveyance Company ("CRC") recorded a notice of trustee's sale of the property.

Plaintiffs filed this lawsuit on August 19, 2009 in Maricopa County Superior Court, alleging three counts: (1) breach of contract/injunctive relief, (2) negligent misrepresentation, and (3) fraudulent concealment. The Complaint named WaMu, JPMorgan Chase Bank, N.A. ("Chase"), CRC, and the Mortgage Electronic Registration Systems, Inc. ("MERS") as Defendants. At the time the Complaint was filed, the Federal Deposit Insurance Corporation ("FDIC") apparently was acting as receiver for WaMu, but neither party has indicated that the FDIC was named or formally substituted as a party under Federal Rule of Civil Procedure 25(c). Defendants Chase and CRC then removed the case to this Court, alleging that this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiffs' Complaint "must be based" on various federal laws, including the Truth in Lending Act, 15 U.S.C. §§ 1601, *et seq.* ("TILA"), the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601, *et seq.* ("RESPA"), "violations of 12 U.S.C. § 2605," "breach of contract," and the "unconstitutionality of A.R.S. § 33-811." (Dkt. # 1.) Plaintiffs then filed a Motion to Remand, contending the Court has no jurisdiction because the face of the Complaint does not allege any federal claims.

**DISCUSSION**

**I.     Legal Standard for Motion to Remand**

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). In other words, "[o]nly . . . actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). There is a "strong presumption" against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first

instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). Moreover, "[t]he party asserting jurisdiction has the burden of proving all jurisdictional facts." *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990). Because the parties do not argue that diversity jurisdiction exists, the Court addresses whether it has federal question jurisdiction under 28 U.S.C. § 1331, which provides, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

## II.     Plaintiffs' Complaint Does Not Arise Under Federal Law.

"A case 'arises under' federal law . . . if 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Proctor v. Vishay Intertech. Inc.*, 584 F.3d 1208, 1219 (9th Cir. 2009) (quoting *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 689–90 (2006)). "[T]he existence of federal jurisdiction depends solely on the plaintiff[s'] claims for relief and not on anticipated defenses to those claims." *ARCO Envtl. Remediation, LLC v. Dep't of Health and Human Servs.*, 213 F.3d 1108, 1113 (9th Cir. 2000). Furthermore, as "master[s] of the complaint," Plaintiffs "may defeat removal by choosing not to plead independent federal claims." *Id.* at 1114 (citing *Caterpillar*, 482 U.S. at 392). "When a claim can be supported by alternative and independent theories—one of which is a state law theory and one of which is a federal law theory—federal question jurisdiction does not attach because federal law is not a necessary element of the claim." *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 346 (9th Cir. 1996).

### 1.     The Complaint Does Not Raise Any Federal Causes of Action.

In this case, Plaintiffs have chosen to assert only three causes of action in their Complaint: (1) breach of contract/injunctive relief, (2) negligent misrepresentation, and (3) fraudulent concealment. Each of these is a state law claim. Defendants point to several paragraphs in the facts section of the Complaint, mentioning that Plaintiffs sent Defendants a Qualified Written Request ("QWR"), as defined by 12 U.S.C. § 2605(e), and received no response to the QWR in violation of the statute. (Dkt. # 1, Ex. 1 at 11–12, 19–20.) Later in

the Complaint, while discussing the fraudulent concealment claim, Plaintiffs again mention Defendants' failure to respond to the QWR. (*Id.* at 44.) Highlighting these passive references does not meet Defendants' burden of establishing jurisdiction and overcoming the presumption of remand. *See Gaus*, 980 F.2d at 566 (discussing presumption against removal); *Indus. Tectonics*, 912 F.2d at 1092 (discussing the burden of proving jurisdiction). By discussing the QWR in the facts section of the Complaint and then raising it only with respect to the fraudulent concealment claim, and not as its own cause of action or in connection to either of the other claims, it appears that Plaintiffs intend the QWR incident only as evidence of a state fraudulent concealment claim. It is possible that the Defendants' refusal to respond to the QWR is merely evidence that Defendants concealed information. For example, the fraudulent concealment claim also alleges that Defendants concealed facts regarding who the lenders were, who had possession of the promissory note, whether the promissory note had been lost, stolen, or destroyed, who deed of trust assignees were, whether MERS was involved in the transaction, and other general allegations of concealment. The Complaint, therefore, does not clearly invoke federal jurisdiction under RESPA, 12 U.S.C. § 2605(e). Defendants do not provide sufficient explanation to the contrary to overcome the presumption against removal.

**B. The State Law Claims Are Not Deemed To Arise Under Federal Law.**

Even though the Complaint does not appear to facially raise any federal issues, state claims may also be deemed to arise under federal law in three circumstances: (1) "where federal law completely preempts state law," (2) "where the claim is necessarily federal in character," or (3) "where the right to relief depends on the resolution of a substantial, disputed federal question[.]" *ARCO*, 213 F.3d at 1114. None of these exceptions apply in this case. Defendants admit that preemption is not at issue, but seem to argue that Plaintiffs' claims, although couched in state law terms, are necessarily federal in nature or at least depend on substantial federal law. Although Plaintiffs' claims center around a home loan transaction, and TILA and RESPA are federal statutes governing such transactions, nothing indicates that these statutes displace traditional state common law causes of action. *See Petty*

- 4 -

*v. Gulf Guaranty Ins. Co.*, 303 F. Supp.2d 815, 818 (N.D. Miss. 2003) (noting that the Supreme Court considers "only a few areas of complete preemption" and that TILA did not preempt Plaintiffs' claims based on consumer loans and insurance transactions); *Blair v. Source One Mortgage Servs. Corp.*, 925 F. Supp. 617, 621 (D. Minn. 1996) ("[W]e find no evidence, and the Defendants do not seriously assert, that the Plaintiffs' State law claims have been preempted by RESPA, for the Act makes unmistakably clear that jurisdiction over RESPA claims is concurrently shared by the State and Federal Courts."). To the contrary, Plaintiffs allege that they had a lending agreement that Defendants breached and that Defendants negligently misrepresented and fraudulently concealed certain information. Contrary to Defendants' assertions, these may raise state causes of action. While a court might ultimately conclude that Plaintiffs' state law claims fail, it does necessarily follow that a federal claim exists instead.

### C. WaMu's Receivership Does Not Mandate Federal Jurisdiction.

Defendants assert that federal jurisdiction is mandatory because the FDIC is WaMu's receiver, meaning any such cases must be brought in federal court. 12 U.S.C. § 1819(b)(2)(A), which Defendants do not cite, provides that, except in some situations involving state insured banks, "all suits of a civil nature at common law or in equity to which the [FDIC], in any capacity, *is a party* shall be deemed to arise under the laws of the United States." (emphasis added). Defendants, however, have not shown that the FDIC is a party. Plaintiff filed this case against WaMu, Chase, CRC, and MERS, but it did not name the FDIC as a party.

Defendants suggest that the FDIC automatically became a party because "by operation of law" the FDIC "succeed[s] to . . . all rights, titles, powers, and privileges" of WaMu, 12 U.S.C. § 1821(d)(2)(A). But Defendants do not explain how succeeding to rights and privileges necessarily inserts the FDIC as a party in a lawsuit. In the context of FDIC removal, the statutory scheme differentiates the FDIC's substitution from the FDIC's receivership. 12 U.S.C. § 1819(b)(2)(B) provides in pertinent part, "[T]he [FDIC] may . . . remove any action, suit, or proceeding from a State court to the appropriate United States

1   district court before the end of a 90-day period beginning on the date the action, suit, or
2   proceeding is filed against the [FDIC] or the [FDIC] is substituted as a party." Meanwhile,
3   12 U.S.C. § 1819(a) explains that the FDIC has the power to "act as a receiver."

     *J.E. Dunn Northwest, Inc. v. Salpare Bay, LLC* recently addressed a similar situation. 2009 WL 3571354 (D. Or. Oct. 26, 2009). In that case, the FDIC removed the case from state court before substituting itself as the receiver of one of the defendant-banks. *Id.* at *1. The court explained that 12 U.S.C. § 1819(b)(2)(B) specifies that the FDIC may remove a case if the case was filed against it or if it is "substituted as a party." *Id.* at 3. The court explained that a specific procedure for substitution exists and that the FDIC's appointment as a receiver or appearance in state court do not automatically insert the FDIC as a party. *Id.* at 2–3. "'Substituted as a party' and 'appointed as a receiver' are too different to equate. Federal practice requires notice and motion for [nearly all] substitutions . . . . [S]ubstitution as a party requires a specific filing in court." *Id.* at *3 (citing *Buczkowski v. F.D.I.C.*, 415 F.3d 594, 596 (7th Cir. 2005); Fed. R. Civ. P. 25(c) ("If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party.")). Analogously, the Ninth Circuit, in a case involving the Resolution Trust Corporation acting the defendant's receiver, examined a statute similar to 12 U.S.C. § 1819(b)(2)(A), explaining that "the district court has jurisdiction" only "[o]nce substitution occurs." *See Crawford Country Homeowners Ass'n, Inc. v. Delta Sav. & Loan*, 77 F.3d 1163, 1166 (9th Cir. 1996).[1] Defendants cite *Brockman v. Merabank* for the proposition that the FDIC's presence in a

---

[1] *Crawford* also explained that "fil[ing] a pleading before the district court . . . would trigger substitution." 77 F.3d at 1166. But, at the time, a statute governing the RTC specified that the RTC was "deemed substituted . . . upon the filing of a copy of the order appointing the [RTC] as . . . receiver . . . or the filing of such other pleading informing the court that the [RTC] has been appointed . . . receiver." 12 U.S.C. § 1441a(*l*)(3)(B) (repealed July 29, 2008). The parties do not cite, and the Court is unaware, of a similar current provision governing the FDIC. Even so, it is unclear whether the parties have filed a pleading that would satisfy this requirement in any event.

lawsuit mandates jurisdiction. 40 F.3d 1013, 1017 (9th Cir. 1994). The FDIC and RTC in *Brockman*, however, were named parties to the lawsuit, whereas the FDIC in this case has never been substituted as a party. Therefore, the FDIC is not a party because it was never substituted as a party, either formally under Rule 25(c) or even informally by some other procedure. Because the FDIC is a nonparty, 12 U.S.C. § 1819(b)(2)(A) does not grant jurisdiction to this Court.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Remand (Dkt. # 6) is **GRANTED**. The Clerk of the Court is directed to remand this case to the Maricopa County Superior Court.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss (Dkt. # 6) is **DENIED AS MOOT**.

DATED this 25th day of January, 2010.

_____
G. Murray Snow
United States District Judge