**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Carl J. Minkner, Jr. And Diane M. Minkner, husband and wife, | ) ) ) | No. CV-09-1900-PHX-GMS |
| Plaintiffs, | ) ) | **ORDER** |
| vs. | ) ) ) | |
| Washington Mutual Bank, N.A. et al., | ) ) | |
| Defendants. | ) ) ) | |

Pending before this Court is Plaintiffs' Motion For Fees and Costs (Dkt. # 20)[1] filed pursuant to 28 U.S.C. § 1447(c). For the reasons stated below that Motion is denied.

As the Supreme Court recently stated "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 140-41 (2005).

In this case, Plaintiffs filed a lengthy and detailed Complaint. It asserted only three causes of action, the state law claims of (1) breach of contract/injunctive relief, (2) negligent

---

[1] Although the pleading purports to seek costs, in it the Plaintiffs have only requested attorneys' fees.

1 misrepresentation, and, (3), fraudulent concealment. As the Court explained in its previous
2 Order, neither any of these claims, nor the Complaint as a whole, qualifies for the jurisdiction
3 of this Court.

4 Nevertheless, in their Complaint, Plaintiffs allege as an example of fraudulent
5 concealment that some of the Defendants failed to comply with a qualified written request
6 for information pursuant to the Federal Real Estate Settlement Procedures Act, ("RESPA").
7 *See, e.g.*, Complaint (Dkt. # 1, Ex. 1 at ¶¶ 43-44, 68-69. 146). They allege that this violation
8 of federal law amounts to fraudulent concealment, and they incorporate the allegations
9 concerning that violation in each count of their Complaint. Plaintiffs do not, however, bring
10 a claim for recovery under RESPA. Rather, they assert that this failure to comply with
11 RESPA constitutes fraud under state law. For the reasons previously explained, in the
12 estimation of this Court, this allegation does not constitute a federal claim sufficient to grant
13 this Court jurisdiction. Nevertheless, it does provide the Defendants with an objectively
14 reasonable basis for seeking to invoke federal jurisdiction over the claim. Therefore, for the
15 reasons stated in *Martin,*,

16 **IT IS HEREBY ORDERED** denying Plaintiff's Motion for Fees and Costs (Dkt. #
17 20).

18 DATED this 12th day of March, 2010.

_____
G. Murray Snow
United States District Judge